IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT WOODS, *et al.*, : | |
|     Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-3515 |
| : | |
| STATE OF PENNSYLVANIA, *et al.*, : | |
|     Defendants. : | |

MEMORANDUM

SÁNCHEZ, C.J.                                                                                      JANUARY 12, 2023

*Pro se* Plaintiffs Shaakira West and Herbert Woods filed an Amended Complaint against the State of Pennsylvania and various individual Defendants, seeking damages for alleged trespass among other things. They both seek to proceed *in forma pauperis*. For the following reasons, the Court will grant Plaintiffs leave to proceed *in forma pauperis* and dismiss the Amended Complaint upon screening without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiffs will be granted leave to file a second amended complaint as set forth more fully below.

I.     FACTUAL ALLEGATIONS[1]

Plaintiffs name the following Defendants in the Amended Complaint: (1) "State of Pennsylvania (fictitious entity)"; (2) "City of Philadelphia (fictitious entity)"; (3) Paula Patrick; (4) Joshua Roberts; (5) Rochelte Bila; (6) Robin Robinson; (7) Gordon Dorsey; (8) Eric Kishbaugh; (9) Brandon Pack; (10) Gouldsbury Walter; (11) Glen Messina; (12) Reverse

---

[1] After Plaintiffs' initial Complaint was entered on the docket on September 2, 2022, they filed a motion to add defendants (ECF No. 5) and a motion to remove defendants (ECF No. 6), which the Court construed as their request to file an amended complaint under Federal Rule of Procedure 15(a). After two extensions of time were provided to Plaintiffs (ECF Nos. 10, 12), an Amended Complaint was filed on December 5, 2022. (ECF No. 14.)

Mortgage Solutions; and (13) Ocwen financial Corporation. (Am. Compl. at 1.)[2] The factual basis for Plaintiffs' Amended Complaint is unclear, but their claims generally appear to be based on their removal from their property located at 2330 78th Avenue, Philadelphia, Pennsylvania.

Plaintiffs state that they seek money damages "for trespass by way of deprivation of rights under color of law." (Am. Compl. at 2.) They allege that they were "in peaceful possession of their property" when, in March 2017, they received a "communication from Defendants through the mail threatening to extort them of their private property." (*Id*.) In March, May, and July of 2022, Plaintiffs also received communications from Defendants "through the posting on the door threatening to extort them of their private property." (*Id*. at 3.) These communications "seem to presume" that Plaintiffs' property was "public property" and that they "own[ed] real estate subject to taxation." (*Id*.) The Amended Complaint references excerpts from the Tax Code but does not allege whether the payment or lack of payment of taxes is related to the claims asserted. (*See id*.)

At some point, although it is not stated when, it appears that Plaintiffs were removed from the property. (*Id*. at 7.) Plaintiffs allege that "Defendants played a role in the interference of plaintiffs' possessory right by removing plaintiffs from their property absent proof of delegation of authority from HUD and through the acquisition and failure to act to prevent the trespass." (*Id*.) They further allege that "because the subject property is private property, it was not subject to 'public auction'" and that "Defendants have unlawfully transferred the plaintiffs' private property by way of forged instruments." (*Id*. at 7, 9.)

Based on these sparce and obscure facts, Plaintiffs appear to assert Fourteenth and Fifth Amendment constitutional claims under 42 U.S.C. § 1983, a claim under the Fair Debt Collection

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

Practices Act ("FDCPA"), and state law claims.[3] They seek money damages and unspecified injunctive relief.

## II. STANDARD OF REVIEW

The Court grants Woods and West leave to proceed *in forma pauperis* because it appears that they are incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*,

---

[3] The Amended Complaint also cites to the Pennsylvania Constitution; Pennsylvania statutes that criminalize official oppression (18 Pa. Cons. Stat. Ann. § 5301), theft by unlawful taking (18 Pa. Const. Stat. Ann. § 3921(b)), and theft by deception (18 Pa. Const. Stat. Ann. § 3922); and a federal statute that criminalizes counterfeit obligations or securities (18 U.S.C. § 472). None of the criminal statutes cited provide a private cause of action. *See Strunk v. Wells Fargo Bank, N.A.*, 614 F. App'x 586, 589 n.4 (3d Cir. 2015) (*per curiam*) (noting that criminal statutes generally do not provide a private cause of action); *Bullock v. Bimbo Bakeries USA Inc.*, 414 F. App'x 470, 473 (3d Cir. 2011) ("[T]here is no private cause of action for alleged theft crimes under Pennsylvania law."); *D'Errico v. DeFazio*, 763 A.2d 424, 430 (Pa. Super. Ct. 2000) (concluding that there is no private right of action for 18 Pa. Cons. Stat. Ann. § 5301).
In addition, to the extent that Plaintiffs raise claims under the Pennsylvania Constitution, such claims are dismissed because "Pennsylvania does not have a statutory equivalent to § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution." *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (*per curiam*).

792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Woods and West are proceeding *pro se*, the Court construes their allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).  The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  "A complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim."  *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (internal quotations and citations omitted).  "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Garrett*, 938 F.3d at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).

### III.  DISCUSSION

#### A.  Rule 8

Plaintiffs' Amended Complaint fails to comply with Rule 8.  Their allegations are so vague and at times incoherent that it is difficult for the court to discern the factual basis for their claims.

Although it appears that the Amended Complaint relates to Plaintiffs' "removal" from the property on 78th Avenue, the reasons for, the individuals involved in, and the events surrounding that removal are not articulated. Accordingly, because it is not clear how the facts alleged relate to the constitutional and statutory claims Plaintiffs bring, even under a careful reading and liberal construction of the Amended Complaint, the Court concludes that the Amended Complaint fails to provide fair notice of the grounds upon which Plaintiffs' claims rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits). The Amended Complaint also fails to state plausible constitutional, statutory, and state law claims, as set forth below.

### B. Section 1983 Claims

Liberally construing the Complaint, the Court understands Plaintiffs to assert a Fourteenth Amendment procedural due process claim and a Fifth Amendment takings claim, pursuant to § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiffs fail to state a plausible § 1983 claim against any Defendant. They have not alleged how any of the Defendants were involved in their alleged removal from the 78th Avenue property. In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v.*

*Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). In addition, because Plaintiffs allege no facts about the individual Defendants named, the Court is unable to determine whether many of them are state actors, *i.e.*, "acting under color of state law."[4] *West*, 487 U.S. at 48. Private individuals or entities may only be liable under § 1983 if there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).[5]

Assuming the named Defendants are state actors, Plaintiffs also fail to plead a plausible basis for a Fourteenth Amendment or Fifth Amendment claim. The Due Process Clause of the Fourteenth Amendment prohibits the states from depriving any person of property without "due process of law." U.S. Const. amend. XIV, § 1. To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege: "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (citation omitted). Plaintiffs have not alleged how

---

[4] Plaintiffs have also named the City of Philadelphia and the State of Pennsylvania as Defendants. Any § 1983 claims against the Commonwealth of Pennsylvania must be dismissed. The Eleventh Amendment bars suits against a state in federal court when the state has not waived that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The Commonwealth of Pennsylvania has not waived that immunity here. *See* 42 Pa. Cons. Stat. § 8521(b). Additionally, the Commonwealth is not considered a "person" for purposes of § 1983. *See Will*, 491 U.S. at 69. Although the City of Philadelphia is subject to liability under § 1983, Plaintiffs have not alleged a basis for the City's liability because they have not alleged that a municipal policy or custom caused the violation of her rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n.55 (1978).

[5] The Third Circuit has outlined three tests to determine whether a private individual or entity is a state actor subject to liability under § 1983: (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

the procedures available to them with respect to the 78th Avenue property were inadequate or otherwise deprived them of due process. Accordingly, their Fourteenth Amendment due process claim will be dismissed.

"The Takings Clause of the Fifth Amendment provides that 'private property [shall not] be taken for public use, without just compensation.'" *Nat'l Amusements Inc. v. Borough of Palmyra*, 716 F.3d 57, 63 (3d Cir. 2013) (quoting U.S. Const. amend. V) (alteration in original); *see also Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2170 (2019) (stating that a property owner can bring a § 1983 claim against local government based on alleged taking of "private property without paying for it"). Nothing in Plaintiffs' Amended Complaint suggests that their property was taken by any governmental entity or official for a public purpose. Accordingly, any Fifth Amendment claim will also be dismissed.

### C. FDCPA Claims

Plaintiffs also assert a claim under the FDCPA. The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). To state a claim under the FDCPA, a plaintiff must establish that (1) she "is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted). Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible. *See Humphreys v. McCabe Weisberg & Conway*, P.C., 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss").

Plaintiffs have not stated a plausible FDCPA claim. They allege that Defendants are "illegally collecting as a 3rd party debt collector in violation of the FDCPA" and that they received communications from Defendants attempting to collect a debt. (Am. Compl. at 11.) Plaintiffs have not alleged any facts about the alleged debt or any details surrounding the circumstances of Defendants' communications with them about that debt. Plaintiffs' vague and conclusory allegations do not raise a reasonable inference that any Defendant has violated their rights under the FDCPA. *See Astarita v. Solomon & Solomon, PC*, No. 12-5670, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content – such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt – which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA."). Accordingly, the FDCPA claim will be dismissed.

  **D.** **State Law Claims**

Although it is not clear, Plaintiffs may also attempt to assert state law tort claims. The only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). An individual is a citizen of the state where they are domiciled, meaning

the state where they are physically present and intend to remain. *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state where it has its principal place of business as well as the state of its incorporation. 28 U.S.C. § 1332(c)(1). A political subdivision of a state is a citizen of the state for purposes of determining diversity jurisdiction. *See Doolin v. Kasin*, 424 F. App'x 106, 109 (3d Cir. 2011) (citing *Moor v. Alameda County*, 411 U.S. 693, 717 (1973)). Since the Amended Complaint is silent on the citizenship of the parties, Plaintiffs have not met their burden for establishing a basis for diversity jurisdiction over any state law claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Woods and West leave to proceed *in forma pauperis* and dismiss their Amended Complaint without prejudice pursuant Federal Rule of Civil Procedure 8 and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Considering Woods's and West's *pro se* status, they will be permitted the opportunity to file a second amended complaint if they believe they can cure the defects the Court has noted as to their claims. An appropriate order follows, which contains additional instructions as to amendment.

BY THE COURT:

/s/ Juan R. Sánchez

**JUAN R. SÁNCHEZ, C.J.**