IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HERBERT WOODS**, *et al.*, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-CV-3515** |
| | : | |
| **STATE OF PENNSYLVANIA**, *et al.*, | : | |
| Defendants. | : | |

# ORDER

AND NOW, this 12th day of January, 2023, upon consideration of Plaintiff Shaakira West's Motion to Proceed *In Forma Pauperis* (ECF No. 7), Plaintiff Herbert Woods's second Motion to Proceed *In Forma Pauperis* (ECF No. 15), the Motion for Excusable Neglect (ECF No. 13), the Motion to Add Supplemental Attachment (ECF No. 16), and the Amended Complaint (ECF No. 14) it is **ORDERED** that:

1. Shaakira West's and Herbert Woods's Motions to Proceed *In Forma Pauperis* (ECF Nos. 7, 15) are **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Amended Complaint is **DEEMED** filed.

3. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons in the Court's Memorandum.

4. The Motion for Excusable Neglect (ECF No. 13) and the Motion to Add Supplemental Attachment (ECF No. 16) are **DENIED** as moot.[1]

5. Plaintiffs may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must identify all defendants in the caption of the

---

[1] If Plaintiffs file a second amended complaint, they may include the defendants' addresses noted in their Motion to Add Supplemental Attachment.

second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Plaintiffs' claims against each defendant.  The second amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint, or other papers filed in this case to state a claim.  When drafting their second amended complaint, Plaintiffs should be mindful of the Court's reasons for dismissing the claims in their Amended Complaint as explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6.	The Clerk of Court is **DIRECTED** to send Plaintiffs a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  They may use this form to file their second amended complaint if they choose to do so.[2]

7.	If Plaintiffs do not wish to file a second amended complaint, and instead intend to stand on their Amended Complaint as originally pled, they may each file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case as to them.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d

---

[2] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8. If Woods or West fails to file any response to this Order, the Court will conclude that they intend to stand on their Amended Complaint and will issue a final order dismissing this case as to that Plaintiff.[3] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/  Juan R. Sánchez

**JUAN R. SÁNCHEZ, C.J.**

---

[3] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).